# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05mj94 |
| vs. | **DETENTION ORDER** |
| SHANNON BASS, | |
| Defendant. | |

_____

This matter came on for detention hearing on June 8, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Shannon Bass appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Task Force Officers Dane Wagner and Chad Cleveland. Bass offered the testimony of Patricia Marie Ortega.

The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject to rebuttal by the defendant. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Bass has a significant criminal history over the past twelve years, including multiple serious felony charges and several failures to appear. Of particular note, Bass was on probation from a felony drug charge when the events underlying the present offenses occurred.

In addition, the Government's case against Bass appears, on this record, to be extremely strong. The evidence indicates Bass has been involved in distributing enormous quantities of methamphetamine. Although Bass offered credible testimony of his girlfriend's mother, the court finds the evidence is insufficient to overcome the presumption that Bass would be both a danger to the community and a flight risk. The presumption arises from the charge itself – a serious drug charge involving distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate Bass would refrain from engaging in criminal activity if released, or that he could be relied upon not to flee the court's jurisdiction.

The court finds the Government has proved by a preponderance of the evidence that Bass is a flight risk, and by clear and convincing evidence that Bass would be a danger to the community if released. Therefore, the court finds the following:

1. Bass is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Bass reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Bass to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Bass must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2005.

*(signature)*
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT